IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MIKE STALLARD AND
MARIETT STALLARD                                                                    PLAINTIFFS

v.                                                                          No. 2:05cv2162-KS-MTP

ALLSTATE INSURANCE COMPANY;
LITTON LOAN SERVICING, LP AND
JOHN DOES 1-3                                                                      DEFENDANTS

## OPINION AND ORDER DENYING MOTION TO RECONSIDER

THE present motion before the court requests reconsideration of the Court's prior ruling denying Plaintiffs' belated demand for a jury trial.  For the reasons which follow, the motion to reconsider is denied.[1]

On November 28, 2005, Plaintiffs filed this lawsuit alleging that their homeowner's insurer, Allstate, wrongfully failed to pay a claim under the policy following a fire which destroyed the plaintiffs' home.  They also sued Litton Servicing Company alleging that Litton wrongfully foreclosed on their property following the fire and breached certain duties and obligations owed to them.  The complaint seeks recision and cancellation of certain contracts and loan agreements and asserts causes of action for, *inter alia*, breach of contract, intentional and negligent infliction of emotional distress, bad faith, defamation, and intentional or gross infliction of damages.

---

[1] This order addresses only that portion of the plaintiff's motion requesting reconsideration.  To the extent that the plaintiff objects and applies for review of the magistrate's decision pursuant to Local Rule 72.2 and Federal Rule of Civil Procedure 72, such matters are decided by the district judge.

In their complaint, the plaintiffs made no demand for a jury trial. However, on February 16, 2006, following a telephonic case management conference conducted by Magistrate Judge John Roper, a case management order was entered erroneously stating that this matter was set for a jury trial. This error was quickly noted and corrected by a docket entry on February 21, 2006, and the parties were immediately notified electronically that the matter was incorrectly designated as a jury matter and would be set for a non-jury trial. On June 26, 2006, about four months later (and six months after the filing of the complaint), the plaintiffs filed a motion for a jury trial.[2] Finding the request untimely under the circumstances, the court denied the motion. Plaintiffs now seek reconsideration of that decision.

Plaintiffs seek reconsideration on two basic grounds, neither of which has merit. First, plaintiffs claim in paragraph 4 of their Motion to Reconsider that since the action was filed they have gathered information tending to show that Allstate's actions were "willful, wanton and grossly negligent." They further allege in paragraph 5 of the Motion to Reconsider that when they instituted this action, "Plaintiffs had every reason to believe that Allstate had evidence to support a claim that the Stallards intentionally burned their house, or at least that the fire was the result of arson." Plaintiffs' reason that this "new" information leads them to request a jury trial.

Plaintiffs' argument is contradicted by their own complaint. From the outset Plaintiffs have asserted bad faith on the part of Allstate in failing to pay the claim, intentionally inflicting emotional distress upon them, defaming them, and otherwise acting in bad faith or without reasonable basis. The complaint states in paragraph 30 that "Defendant Allstate did not have any legitimate or arguable reason for their conduct in denying Plaintiffs' claims." To now state that

---

[2] Litton subsequently filed a motion for separate trials and to sever claims asserted against it, arguing that a jury trial with Allstate could cause prejudice to it. As the court denied Plaintiffs' motion for jury trial, the court denied this motion as moot.

2

they "had every reason to believe" when they filed their complaint that Allstate had evidence of arson supporting denial of the claim simply places Plaintiffs at odds with their own pleadings.

Second, Plaintiffs argue that their months-long delay in requesting a jury trial is somehow the fault of the defendants and the court. In paragraph 5 of their motion to reconsider, Plaintiffs state that they did not become aware until March 2006 that Allstate had "no evidence" to support a denial of the claim and, therefore, did not ask for a jury trial at the outset. While, as discussed above, this appears at odds with the complaint, the motion for jury trial was still not filed until June 26, 2006. No reason is given why the demand for a jury was not made until almost three months after Plaintiffs allegedly first obtained information leading them to believe that Allstate's denial of the claim was without a basis in fact.

Next, Plaintiffs attempt to explain that their delay was occasioned by Judge Roper's entry of the case management order on February 16, 2006, erroneously stating that this matter was set for jury trial. As shown above and by the case docket available to all parties, this inadvertent error was promptly corrected by a docket entry on February 21, 2006, just five days later. While the typographical error may account for five days of Plaintiffs' delay in demanding a jury trial, this does not explain plaintiffs' delay of *six months* before making the request.

Thus, the reasons given for the delay are not supported by the facts. Plaintiffs' substantial delay in requesting a jury trial simply cannot be attributed to others. While the factual assertions supporting the belated demand do not have merit, the court must nevertheless apply the appropriate legal analysis.

Federal Rule of Civil Procedure 38 (b) provides that parties may preserve their right to a jury trial on an issue by demanding that right in writing "at any time after the commencement of the action and not later than 10 days after the last pleading directed to such issue...." Plaintiffs do

3

not contend that their request was timely.  Subpart (d) of the rule provides: "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury."  The rule is plain.  Plaintiffs waived their right to jury trial by failing to request it as required.

Even when a party has waived the right, Federal Rule of Civil Procedure 39 (b) grants the court the discretion to order a jury trial.  Plaintiffs cite *Lewis v. Thigpen*, 767 F.2d 252, 236 (5th Cir. 1985), for the proposition that a motion for jury trial "should be favorably received unless there are persuasive reasons to deny it."  That decision goes on to state, however, that favorable reception to such motions is "tempered by the observation that such a motion is considered strongly against the moving party 'when no justification is offered in explanation of a lengthy delay.'"  *See Lewis*, 767 F.2d at 257 (quoting *United States v. Lochamy*, 724 F.2d. 494, 499 (5th Cir. 1984)).  It might also be noted that the plaintiff in *Lewis* was a *pro se* litigant who was incarcerated at the time and who claimed to be ignorant of the court's rules regarding jury demands.  The court remanded the case to determine, as is appropriate in *pro se* prisoner cases, whether the claims of ignorance were credible and whether there were compelling reasons to deny a jury trial.  *Lewis*, 767 F.2d at 262.

Many courts apply a balancing test in determining whether to grant a request for jury trial under rule 39(b).  The Fifth Circuit has adopted such an approach, following the five-step test utilized by the Eleventh Circuit.  *See Daniel Int'l Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061 (5th Cir. 1990).  The factors to be considered are:

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*Parrot v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983), *cert. denied*, 464 U.S. 936 (1983); *see also Quillin v. Penrod Drilling Co.*, 648 F. Supp. 462, 463-64 (E.D. Tex. 1986).

As to the first factor, the issues in the case such as breach of contract and bad faith are certainly the types of issues a jury might decide. This factor favors the movants.

The second factor goes against the movants. Normally a jury trial would not cause any significant disruption to the court's calendar; however, having a separate non-jury trial for the claims asserted against Litton (as requested by Litton) and a jury trial on the claims against Allstate would be disruptive and demand additional time and expense from all parties and the court. While the court denied Litton's motion to sever or for separate trials as moot upon denying Plaintiffs' request for jury trial, that motion would have to be revisited were the court to grant a jury trial. The reasons given in Plaintiffs' motion for jury trial all go toward alleged actions or omissions of Allstate, not Litton. The plaintiffs made no mention of reasons that a jury trial is now appropriate for their claims against Litton.

Factor three is related to the second factor and weighs against the movants. As Litton points out in its motion to sever or for separate trials, it is concerned that the jury may find against Allstate and lump Litton, as a co-defendant, in the adverse verdict as well. While that is not a novel concern for a co-defendant, it does have some merit here where, as noted above, the reasons for Plaintiffs' tardy demand are linked solely to alleged actions and omissions of Allstate.

Factor four–the length of the delay–goes against the movants as does factor five–the reasons for the delay. As discussed above, Plaintiffs offer little justification for the delay other

5

than five days attributed to the court and a couple of months for information received in discovery which they allege confirms what they pled in the complaint. No justification is offered for the three-month delay between the receipt of the information in March of 2006 and the subsequent request for a jury trial on June 26, 2006.

For the foregoing reasons, the court, in its discretion, finds that the motion to reconsider [#105] should be, and hereby, is DENIED.

SO ORDERED this the 10th day of August, 2006.

s/ Michael T. Parker
United States Magistrate Judge